(68 App. Div. 222.)

### DORSCH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  January 30, 1902.)

1. STREET RAILWAYS — NEGLIGENCE — INJURY AT CROSSING — CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Where plaintiff, in an action against a street railway for injuries at a crossing, was nine years of age, and testified that she looked both ways while near the gutter at the crossing, and, seeing a car about 170 feet distant, proceeded at a fast walk across the street, there was sufficient evidence to take the question of contributory negligence to the jury.

2. EVIDENCE—INCOMPETENCY—FAILURE TO OBJECT.

The question of error in the admission of evidence will not be considered on appeal, when the alleged incompetent evidence was not objected to at the trial, and no exceptions were taken to references thereto by counsel in argument and the court in the charge.

Appeal from trial term, Kings county.

Action by Johanna Dorsch, by Frederick Dorsch, her guardian ad litem, against the Brooklyn Heights Railroad Company.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland, for appellant.

Stephen C. Baldwin (William T. Gilbert, on the brief), for respondent.

WILLARD BARTLETT, J.  The plaintiff, a little girl nine years old, was run over by one of the electric cars of the defendant on Central avenue, in the borough of Brooklyn, on August 7, 1900, and so badly injured that she was compelled to suffer the amputation of her right leg near the ankle.  For this injury the jury awarded her damages in the sum of $9,500.

Only two points are presented in the brief on behalf of the appellant:  (1) That the plaintiff failed to show her freedom from contributory negligence; and (2) that the trial court erred in receiving testimony to the effect that the motorman in charge of the car, some time before reaching the point where the accident occurred, let go of both the handles by means of which the movement of an electric car is regulated, and looked away to a corner upon which a policeman was standing, although the car at that time was running very fast.

1. We agree with the learned trial judge that the fact testified to by the child herself, that she looked both ways before attempting to cross Central avenue, being herself at that time near the gutter, and that the car was then at the corner of Himrod street, was sufficient evidence of due care on her part, under all the circumstances, to take the question of contributory negligence to the jury.  If her testimony in this respect was true, the car was then about 170 feet distant, and, as she says she proceeded at a fast walk, it cannot be held as matter of law that she was not justified in supposing that she could cross in safety.

2. The testimony referred to in the second point for the appellant was that of Henry Burback, who at the time of the accident was sitting on the front seat of the open car which ran over the child. That portion of the record relating to the evidence of which the appellant now complains reads as follows:

"Q. Was there anything particularly attracted your attention to the motorman of this car as you went along from Cooper street toward Himrod street? A. There was. (Objected to as incompetent and immaterial, and too remote from the scene and place of this accident. Objection overruled. Defendant excepts.) He had some conversation with me to begin with. When he had the conversation with me I was sitting on the platform. At one place by Gates avenue he let go of both handles, he turned around, and looked over to the left of him at the corner, where there was a policeman standing. He spoke to me with reference to the policeman. The car was running at that time very fast. He leaned over the dashboard. He leaned over forward, and began to spit, as if he was vomiting."

It is to be observed that the only objection as to which there appears to have been any ruling made by the court or exception taken by the defendant was to the question whether anything particularly attracted the attention of the witness. His statement that the motorman let go of both handles near Gates avenue, and turned around and looked over toward the corner where the policeman stood, was not objected to at all, nor was any motion made to strike out that portion of the evidence. It can hardly be supposed that it was then or at any time during the trial deemed objectionable by counsel, for it was distinctly referred to by the learned trial judge in his very careful charge to the jury, and no exception was taken to his remarks on that subject. In stating the facts upon which the plaintiff relied as evidence of the defendant's negligence, the judge referred to the evidence that the motorman was inattentive to his duty; "that coming down the track he was neglectful of his car; * * * that he was from time to time leaning over the dashboard of the car, spitting, raising something from his stomach, inattentive to the street through which he was passing; that he was from time to time conversing with the man who was on the front seat; that there were times, or at least one time, when it is claimed he did not have his hand on the brake or the power handle,—one of the two; that he exhibited neglect as he was going along." It is scarcely conceivable that, if the learned counsel for the defendant had believed the testimony to this effect to be improper for the consideration of the jury, he would have omitted to except to this portion of the charge. The case was tried with most commendable care on the part of the learned judge who presided at the trial, the proof is sufficient to sustain the verdict, and we think the judgment should be affirmed.

*Judgment and order affirmed, with costs. All concur.*